# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAMANTHA LEE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-18-896-SM |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Samantha Lee Wilson (Plaintiff) brings this action for judicial review of

the Commissioner of Social Security's final decision that she was not "disabled"

under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g),

423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed

before a United States Magistrate Judge. Docs. 3, 9. [1]

After a careful review of the record (AR), the parties' briefs, and the

relevant authority, the court affirms the Commissioner's decision.

---

[1]     Citations to the parties' pleadings and attached exhibits will refer to this
Court's CM/ECF pagination. Citations to the Administrative Record will refer
to its original pagination.

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

## C.    Relevant findings.

### 1.    Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis in order to decide whether Plaintiff was disabled during the relevant timeframe.  AR 15-22.; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). Specifically, the ALJ found Plaintiff:

(1)    had not engaged in substantial gainful activity since her alleged onset date of November 11, 2011 through her date last insured of September 30, 2013;

(2)    had the severe impairments of affective disorder and anxiety;

(3)    had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)    had the residual functional capacity[2] to perform the full range of work at all exertional levels that is unskilled;

(5)    could return to her job as a hospital cleaner (DOT 323.687-010; medium, unskilled); and so,

(6)    was not disabled.

AR 17-22.

---

[2]    Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

## 2. Appeals Council's findings.

The Social Security Administration's Appeals Council found no reason to review that decision, so the ALJ's decision is the Commissioner's final decision in this case. *Id*. at 1-6; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

### B. Issue for judicial review.

Plaintiff argues the ALJ failed in the step-four analysis by not "account[ing] for all of [her] impairments" when making the residual functional capacity determination. Doc. 14, at 7. She argues the ALJ erred in his assessment of Plaintiff's RFC – "the ALJ included only a limitation to unskilled

work, making no account for [Plaintiff's] difficulties with social interaction."
*Id.* at 9.

C.    **The ALJ's alleged failure to include all of Plaintiff's limitations.**

"Step four of the sequential analysis . . . is comprised of three phases." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). "In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work." *Id.* (citation omitted). "In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.* "At each of these phases, the ALJ must make specific findings." *Id.* Substantial evidence must support those findings. *Best-Willie v. Colvin*, 514 F. App'x 728, 737 (10th Cir. 2013). Plaintiff retains the burden to establish that she is unable to perform his past relevant work (here, as a hospital cleaner) both as she actually performed it and as it is generally performed in the national economy. *See O'Dell v. Shalala*, 44 F.3d 855, 859-60 (10th Cir. 1994).

Here, the focus centers on phase three. The ALJ asked the vocational expert whether a fifty-two-year-old claimant, "capable of performing without exertional limitations" could "perform any of Claimant's past relevant work."

AR 49. The vocational expert answered that "all past work would be appropriate." *Id.* The vocational expert testified her testimony was consistent with the Dictionary of Occupational Titles. *Id.* at 48.

The ALJ also noted Plaintiff had moderate limitation in interacting with others. *Id.* at 19. "In substantiation of this conclusion, the [ALJ] note[d] particularly information contained in treatment records maintained by Dr. Cordru and Dr. Chesler documenting [Plaintiff's] complaints or irritability and conflict with her daughter." *Id.*

In reviewing Plaintiff's mental health medical evidence, the ALJ stated:

[Plaintiff] failed to attend follow-up appointment regarding major depression without psychotic features and anxiety disorder NOS with Vince R. Cordru, Jr. M.D., in September 2011. Follow-up with Dr. Cordru in November 2011 documented the claimant's report she was sleeping better. She reported some symptoms of premenstrual dysphoric disorder but mood was otherwise stable without suicidal or homicidal ideations. They discussed using fluoxetine trial prior to onset of menstruation with continuation of Cymbalta, trazodone, and alprazolam. The claimant was instructed to return to the clinic in six months. The claimant failed to attend the appointment scheduled with Dr. Cordru in April 2012. The claimant was seen by Donald Chesler, M.D., via telemedicine in September 2012. She reported some bad days with agitation, anxiety, and isolation. She reported feeling sad at times. There were no signs of psychosis and no active suicidal ideations. Impression was depression NOS for which Risperdal was added to the claimant's treatment plan. The claimant was seen in the clinic by Dr. Chesler in October 2012. She reported an argument with her daughter occurring when she was premenstrual. The claimant reported more agitation with more difficulty with anger and impulse control. She denied audiovisual hallucinations. There were no acute suicidal ideations. Risperdal was increased for

> treatment of depression NOS. In December 2012, the claimant reported she thought Risperdal made her mean. She stopped taking Prozac on her own but was taking Cymbalta. The claimant reported Xanax was not as effective and she found herself easily irritated. Trileptal was added to the claimant's treatment plan for major depression by Dr. Chesler.

*Id.* at 21-22 (citing *id.* at 319-25).

When identifying Plaintiff's past relevant work as a hospital cleaner, the ALJ noted it was unskilled, and that "[u]nskilled work generally involves work with things rather than people." *Id.* at 22 (citing SSR 85-15, 1985 WL 56857, at *4 (1985) ("These jobs ordinarily involve dealing primarily with objects, rather than with data or people, and they generally provide substantial vocational opportunity for persons with solely mental impairments who retain the capacity to meet the intellectual and emotional demands of such jobs on a sustained basis.")).

> Unskilled work generally requires only the following: (1) "understanding, remembering, and carrying out simple instructions"; (2) "making judgments that are commensurate with the functions of unskilled work—i.e., simple work-related decisions"; (3) "responding appropriately to supervision, coworkers and usual work situations"; and (4) "dealing with changes in a routine work setting."

*Knight v. Colvin*, 2016 WL 9489144, at *4 (D.N.M. Dec. 5, 2016) (quoting *Nelson v. Colvin*, 655 F. App'x 626, 629 (10th Cir. 2016) (quoting SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996))). "Under this definition, unskilled work does not require any interaction with the general public, much less that which

7

is 'occasional'" or "infrequent." *Knight v. Colvin*, 2016 WL 9489144, at *6 (citation omitted). And for this job, as it is generally performed in the national economy, taking instructions or helping is deemed "not significant." DOT 323.687.010. And as Plaintiff actually performed it, she reported she "cleaned assigned areas." AR 248. The ALJ acknowledged as much, stating Plaintiff "retains the capacity for unskilled work with moderate limitations in exposure to work with others." *Id.* at 22. So, by limiting Plaintiff to unskilled work, the ALJ imposed significant limitations that "account[] for [Plaintiff's] difficulties with social interaction." Doc. 14, at 9. And Plaintiff points to no medical evidence suggesting she cannot perform her past relevant work as a hospital cleaner.

Plaintiff argues the VE testified that her reported agitation and anxiety could preclude her past relevant work. *Id.* at 11. When asked by Plaintiff's hearing counsel regarding the hypothetical that included a person "who occasionally experienced agitation and anxiety, such that they were unable to perform work activities with the public, co-workers, or supervisors would any past work be available," the VE responded: "There are jobs not dealing with the public, however – there are jobs where you work in relative isolation from co-workers, but there's always some level of contact, typically with the supervisor. If that contact is going to result in agitational or other problems

8

sustaining employment might be problematic." AR 50. As the Commissioner points out, "these are limitations the ALJ did not find supported." Doc 18, at 12.

Plaintiff also maintains the ALJ's "mere summarization" of the evidence fails to provide a thorough analysis for this Court to "meaningfully review." Doc. 14, at 11-12. She cites *McFerran v. Astrue*, 437 F. App'x 634, 637 (10th Cir. 2011) for support. *McFerran* centered on the ALJ's failure to explain how the ALJ applied credibility criteria to the claimant's testimony and medical records. *Id.* Here, the ALJ determined Plaintiff to have moderate limitation in her ability to interact with others, and formulated the RFC assessment that recognized that limitation. *See* AR 19-20. The mental-health medical evidence the ALJ cited supports those determinations.

Plaintiff also questioned the ALJ's limiting her to unskilled work while also "fail[ing]" to find Plaintiff limited "in her ability to understand, remember, or apply information, or in her ability to concentrate, persist, or maintain pace." Doc. 14, at 9. If anything, this only suggests the ALJ's RFC assessment formulated greater mental restrictions than needed, thus benefitting Plaintiff.

Substantial evidence supports the ALJ's decision.

## III.  Conclusion.

The court AFFIRMS the Commissioner's decision.

ENTERED this 5th day of June, 2019.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE